UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ERIC JACKSON,

                        Plaintiff,

-against-                                          8:16-CV-1137 (LEK/CFH)

MARK WILLIAMS, *et al.*,

                        Defendants.

## **DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Eric Jackson brought this action under 42 U.S.C. § 1983 and New York State law against several employees of the Utica Police Department: Chief of Police Mark Williams, Officer Donald Cinque, Officer Joseph Amerosa, and Officer Paul Paladino (collectively, "Defendants"). Dkt. No. 1 ("Complaint"). In a Memorandum-Decision and Order dated February 26, 2020, the Court granted Amerosa and Paladino's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and dismissed all of Plaintiff's claims against them.[1] Dkt. Nos. 52 ("Motion for Summary Judgment"); 59 ("February 26, 2020 Memorandum-Decision and Order"). In that opinion, the Court also observed that Plaintiff had failed to respond to the Motion for Summary Judgment or, as required by Local Rule ("L.R.") 7.1(b)(3), notify the Court, Amerosa, and Paladino of his intention not to oppose the Motion for Summary Judgment. Feb. 26, 2020 Mem.-Decision and Order at 1, 12. The Court therefore ordered Plaintiff's attorney, Michael P. Kushner, to show cause by March 17, 2020 why he had not violated L.R. 7.1(b)(3). See id. at 13. However, Kushner failed to respond to the Court's order to show cause.

---

[1] Amerosa and Paladino were the only defendants left by this point in the case.

For the reasons that follow, the Court reprimands Kushner for violating L.R. 7.1(b)(3).

## II.     BACKGROUND

The Court begins by laying out the facts supporting its decision to reprimand Kushner, many of which arose even before Kushner failed to respond to the Motion for Summary Judgment.

On September 19, 2016, Plaintiff filed a complaint in this action pro se. Dkt. No. 1 ("Complaint"). Plaintiff continued to prosecute his action pro se until June 6, 2017 when Kushner entered an appearance on behalf of Plaintiff. Dkt. No. 14 ("Notice of Appearance").

On August 23, 2017, the Honorable Christian F. Hummel, United States Magistrate Judge, ordered Kushner to file an amended complaint by September 12, 2017. Dkt. No. 18 ("August 23, 2017 Text Order"). Because Kushner did not file an amended complaint by September 12, nor had he ever served copies of the original Complaint upon Defendants, Judge Hummel, on December 21, 2017, ordered the parties to attend an in-person status conference on January 12, 2018 to ascertain when Kushner would serve copies of the Complaint. Dkt. Nos. 19 ("December 21, 2017 Text Order"); 30 ("January 12, 2018 Status Conference Transcript") at 2. The day before the January 12 status conference, Kushner filed a letter requesting an adjournment of the conference, or permission to appear telephonically, because of two obligations to other clients scheduled for the same day. Dkt. No. 20 ("January 11, 2018 Letter Motion"). The first was a "matter scheduled for a plea in New York Supreme Court" while the other was "a co-defendant meeting in a federal correctional facility." Id. At least one of those conflicts—the meeting with a co-defendant—was scheduled after Judge Hummel ordered Kushner to appear at the conference. See id.; Dec. 21, 2017 Text Order.

Even though Judge Hummel denied Kushner's January 11, 2018 Letter Motion, Dkt. No. 21 ("January 12, 2018 Text Order"), Kushner chose not to attend the January 12 status conference. Kushner retained an attorney, Christopher P. Meyer, to attend in his stead. Notably, Meyer informed Judge Hummel at the conference that he was

> asked to cover this conference via a per diem service. I got a call at roughly 10:30 this morning and was faxed just the notice of appearance at 10:43 and was informed that I should appear and perhaps request an adjournment. I have not spoken to Mr. Kushner, I have not spoken to anything (sic), I know basically nothing about this case, but was retained to appear pursuant to the Court's directive to have somebody here.

Jan. 12, 2018 Status Conference Tr. at 4. At the conclusion of the conference, Judge Hummel ordered Kushner to serve copies of the original Complaint upon Defendants by January 26, 2019. Id. at 5; see also Dkt. No. 22 ("January 12, 2018 Text Order") (directing Kushner "to serve plaintiff's complaint on defendants, and to file proof of service by 1/26/18")).

Despite Judge Hummel's clear directive, Kushner instead filed an amended complaint on January 26, 2018. Dkt. No. 23 ("Amended Complaint"). That same day, Judge Hummel struck the Amended Complaint from the docket because Kushner had missed the deadline to amend the Complaint by about four-and-a-half months. See Dkt. No. 25 ("Order to Strike"). The Judge also gave Kushner until February 2, 2020 to finally serve copies of the original Complaint. Dkt. No. 26 ("January 26, 2018 Text Order"). Kushner then requested that Judge Hummel stay the order to strike because he was "under the impression that plaintiff was permitted to amend the complaint on or before January 26, 2018." Dkt. No. 29 ("January 26, 2018 Letter Motion") at 1. As justification for this belief, Kushner observed that Meyer had provided him with a summary of the January 12 status conference in which Meyer stated that "Judge [Hummel] consented [to

3

filing an amended complaint] and directed that plaintiff MUST serve and file the Amended

Complaint, with proof of service, by January 26, 2018." Id. (emphasis in original) (quoting Dkt.

No. 29-1 ("Conference Report")).[2] Judge Hummel denied Kushner's request for a stay. Dkt. No.

31 ("March 7, 2018 Text Order").

In his January 26, 2018 Letter Motion, Kushner also wrote:

> It has never been my intention to offend the Court by disregarding
> orders and professional obligations. If that has occurred, I humbly
> apologize to the Court, opposing counsel, and the Court's staff. I will
> herewith strive to move this case forward in an expeditious manner.

Jan. 28, 2018 Ltr. Mot. at 2. Kushner's promise, however, was not to last. On June 27, 2019,

Defendants filed their Motion for Summary Judgment. Docket. The Docket clearly indicated that

a response was due on July 16, 2019. Id. Yet Kushner neither responded to the Motion for

Summary Judgment nor notified Amerosa, Paladino, and the Court of his intention not to oppose

it.

**III.    DISCUSSION**

In neglecting to respond to the Motion for Summary Judgement or notify Amerosa,

Paladino, and the Court of his intention not to oppose it, Kushner violated Local Rule 7.1(b)(3),

which reads:

> Any party who does not intend to oppose a motion, or a movant who
> does not intend to pursue a motion, shall promptly notify the Court
> and the other parties of such intention. They should provide such
> notice at the earliest practicable date, but in any event no less than
> **FOURTEEN DAYS** prior to the scheduled return date of the motion,
> except for good cause shown. **Failure to comply with this Rule may**

---

[2] In a touch of irony, the Conference Report includes a heading with the motto of
Meyer's employer, Pier Diem Services, Inc., which reads: "Because Your Appearance Counts."
See Conference Report.

> **result in the Court imposing sanctions, and may be deemed sufficient cause for the denial of a motion or the granting of a motion by default.**

L.R. 7.1(b)(3) (emphasis in original). Having failed to follow L.R. 7.1(b)(3) or respond to the Court's order to show cause why he should not be sanctioned for violating that rule, the Court concludes Kushner should be reprimanded for his conduct. See Friedman v. State Univ. of New York at Binghamton, No. 06-CV-399, 2006 WL 2882980, at *4 (N.D.N.Y. Oct. 5, 2006) (reprimanding the plaintiff's attorney for violating L.R. 7.1(b)(3)); see also Rea v. Cleaner's Supply, No. 02-CV-0932, 2004 WL 1013319, at *1 (N.D.N.Y. May 5, 2004) (issuing a monetary sanction to the plaintiff's attorney for violating L.R. 7.1(b)(3)); Ojomo v. KRA Corp., No. 03-CV-907, 2005 WL 1176569, at *4 (N.D.N.Y. May 11, 2005) (same).

The Court's conclusion that a reprimand is warranted is buttressed by other instances in the record of Kushner's misconduct. To begin, the record suggests Kushner failed to attend the January 12, 2018 status conference because, as Judge Hummel quipped, he "received a better offer" to assist other clients that day. Jan. 2018 Status Conference Tr. at 4. Additionally, Kushner hired another lawyer at the eleventh hour, who "kn[ew] basically nothing" about this action since Kushner did not even discuss the case with him, to represent Plaintiff at the conference. See id. Finally, after filing an amended complaint about four-and-a-half months after the deadline by which to do so had passed, Am. Compl., Kushner then blamed Meyer's Conference Report for the late submission even though Kushner's confusion on the filing deadline was a product of his own making and the Docket clearly indicated that Kushner had to serve the original Complaint instead. See Jan. 12, 2018 Text Order; Jan. 26, 2018 Ltr. Mot. at 1; see also Friedman, 2006 WL

5

2882980, at *3 ("[A]ttorneys have a duty to be aware of entries on the docket of their client's cases and are on constructive notice of such entries.").

## IV. CONCLUSION

Kushner's appearance in this case mattered. Indeed, Plaintiff might have received a better outcome had Kushner done his job. But, on multiple occasions, Kushner did not properly discharge his obligations to his client.

Accordingly, it is hereby:

**ORDERED**, that Kushner is **REPRIMANDED** for failing to comply with L.R. 7.1(b)(3); and it is further

**ORDERED**, that the Clerk shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: April 14, 2020
Albany, New York

Lawrence E. Kahn
U.S. District Judge